FRED M. DAY *vs*. CARL H. SCRIBNER ET AL.

Penobscot.     Opinion June 28, 1928.

*James G. O'Connor*, for plaintiff.
*Clinton C. Stevens*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BASSETT, PATTANGALL, JJ.

DUNN, J. The plaintiff sued these two defendants, as on a joint liability from contract, for the labor of himself and his horses and for goods sold and delivered. Joint plea of the general issue met the declaration in the writ and traversed the promise alleged, while specifications filed under a rule which the plaintiff had moved, apprised him of the grounds of defense.

Upon the trial of the action the plaintiff might have established by the preponderance of evidence that for the labor and the goods, or either, he had a right of action in virtue of a contract, express or implied, against the defendants jointly. Or, notwithstanding that plaintiff had sued as on a joint liability, he might have established the individual liability of either defendant, a statutory provision making this possible. R. S., Chap. 87, Sec. 103. The legal effect of the statute is that discrepancy between the contract declared on, and that proved, shall be deemed no variance. *Palmer* v. *Inhabitants of Blaine*, 115 Maine, 287.

Plaintiff prevailed on the theory of joint liability. The case is here on motion by the defendants for a new trial. The motion recites the usual grounds, but the brief of the defendants' counsel discusses not more than that, as the verdict is not sufficiently sustained by evidence, the verdict is legally wrong.

When a question of the sufficiency of the evidence to sustain the verdict is presented, this court will not weigh evidence, in the sense that triers of fact do, nor will it review conflicting evidence, but will consider only that evidence favorable to the party who gained the verdict.

While there may have been evidence, within the province of the jury to believe or disbelieve, which might have supported a verdict against one defendant alone, no fact in the evidence for the plaintiff, reading that evidence as a whole, nor inference from any proven fact, tended to indicate liability on the part of both defendants.

The second defendant, thus to make distinction between the two, was seen about the lumbering operation, for which it had been attested that the work had been done and the goods delivered, and plaintiff testified that the two defendants were they for whom he had worked, and that the camp in the woods was theirs, but the cross-questioning of the witness by the opposing counsel developed that concerning the work and the goods alike, plaintiff had dealt with but one of the defendants, and nothing in the dealing with this defendant involved or implied that the second defendant had relationship to the transactions. The statement made by the plaintiff, while on the stand, that the camp was that of the two defendants, cross-examination demonstrated to be a conclusion without basis. Testimony by the plaintiff's wife, which completed the evidence for the plaintiff's side, added nothing to the effect of the testimony which the plaintiff himself gave.

The jurors do not appear to have been unfaithful to their oaths, but to have been human. Besides testimony of the plaintiff in chief, the use in cross-examination of certain personal pronouns in manner to bear, in apparent rather than purposive meaning, reference to the defendants jointly, and to supplies and property as jointly belonging to them, seemingly led the jurors to overlook that at all

events the defendants were not tied into the cause, because of the lack of any showing of mutuality between them.

Let the mandate be,

*Motion sustained,*
*Verdict set aside,*
*New trial granted.*